# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/18/2023
CT Log Number 544537890

## Service of Process Transmittal Summary

**TO:**   Maria Bustamante, Paralegal-Litigation
United Airlines, Inc.
609 MAIN STREET, 16TH FLOOR/HSCPZ
HOUSTON, TX 77002-3167

**RE:**   **Process Served in Florida**

**FOR:**   United Airlines, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MONICA MARTIN // To: United Airlines, Inc. |
| **CASE #:** | CACE2301686809 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/18/2023 at 10:32 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Tom Campuzano  thomas.d.campuzano@united.com |
| | Email Notification,  Maria Bustamante  maria.bustamante@united.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                     Fri, Aug 18, 2023
**Server Name:**                              Richard Mateo

| Entity Served | UNITED AIRLINES, INC. |
|---|---|
| Case Number | cace-23-016868 |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |



Filing # 179804048 E-Filed 08/16/2023 02:37:03 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: CACE-23-016868 (09)

MONICA MARTIN,

Plaintiff,

vs.

**SUMMONS**

UNITED AIRLINES, PRIMEFLIGHT AVIATION SERVICES and BROWARD COUNTY,

Defendant.

_____/

STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, Email Designation, Request for Production and Interrogatories in this action on **UNITED AIRLINES,** by serving its Registered Agent: , CT CORPORATION SYSTEM, **1200 S PINE ISLAND ROAD, PLANTATION, FL 33324.**

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is: **Bradley Winston, Esq., of Winston Law Firm, Plaintiff's Attorney, 2924 Davie Road, Suite 201, Davie, FL 33314, (954) 475-9666,** within twenty (20) days after service of this summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

WITNESS my hand and seal of said C.___.__ AUG 17 2023 _____.

BRENDA D. FORMAN
As Clerk of the Court

By _____
Deputy Clerk

**BRENDA D. FORMAN**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

2

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:

MONICA MARTIN,

    Plaintiff,

vs.

**COMPLAINT**

UNITED AIRLINES, PRIMEFLIGHT
AVIATION SERVICES and BROWARD
COUNTY,

    Defendant.

_____/

Plaintiff, MONICA MARTIN, through undersigned counsel, sues the Defendants, UNITED

AIRLINES, PRIMEFLIGHT AVIATION SERVICES and BROWARD COUNTY, and alleges as

follows:

1.    This is an action for damages of more than $50,000.

2.    At all times material hereto, Plaintiff was a resident of Palm Beach County, State of

Florida, over the age of 18, and otherwise *sui juris*.

3.    At all times material hereto, the Defendant, UNITED AIRLINES, was and is a foreign

profit corporation, authorized to transact the business in the State of Florida, and said Defendant

maintained offices, agents and other representatives for the purpose of transacting business as a

major airline and a common carrier in Broward County, Florida.

4.    The Defendant, UNITED AIRLINES, leased, controlled and/or possessed certain

airport terminal facilities, which includes the subject jet bridge at the Fort Lauderdale-Hollywood

International Airport.

5.    Defendant BROWARD COUNTY is a political subdivision of the State of Florida.

6.    On or about April 18, 2023, Defendant BROWARD COUNTY owned, operated, managed, maintained and/or controlled the Fort Lauderdale/Hollywood International Airport.

7.    All conditions precedent to the filing of this action have occurred, been performed, or been waived.

8.    At all times material hereto, the Defendant, PRIMEFLIGHT AVIATION, was and is a foreign limited liability company, authorized to transact business in the State of Florida, and said Defendant maintained offices, agents, and other representatives for the purpose of transacting business as an aviation service company in Broward County, Florida.

9.    Venue is proper in Broward County as the cause of action occurred there.

10.    All conditions precedent to this lawsuit have been met. Attached hereto as Exhibit "A" are copies of the Notice of Claim letters sent pursuant to Florida Statute § 768.28(6) to Broward County Aviation Department, Broward County, Broward County Board of Commissioners, the County Administrator, and the Florida Department of Financial Services.

11.    On April 18, 2023, Defendant, UNITED AIRLINES, engaged the Defendant, PRIMEFLIGHT AVIATION SERVICES, to provide passenger wheelchair assistance for its customers at the Ft. Lauderdale-Hollywood International Airport.

12.    At that time and place, MONICA MARTIN, was a ticketed passenger of UNITED AIRLINES coming from Houston, Texas to Fort Lauderdale-Hollywood International Airport with wheelchair assistance required.

13.    At that time and place, UNITED AIRLINES undertook a duty to provide the Plaintiff with wheelchair assistance.

14.    At that time and place, PRIMEFLIGHT AVIATION SERVICES undertook a duty to provide the Plaintiff with wheelchair assistance.

2

15.     At that time and place, no wheelchair assistant or wheelchair seating was present at the jetway.

16.     At that time and place Plaintiff was instructed by UNITED AIRLINES to deplane and to wait outside the door of the aircraft in the vestibule of the jetway for the wheelchair to come get her as she could not walk any further.

17.     At that time and place Plaintiff was required to stand in the jetway vestibule while being jostled by a crowd of deplaning passengers and as a result she tripped over a change in level in or adjacent to the jet bridge vestibule area, landing on her left side. Plaintiff tore her rotator cuff in the fall.

**COUNT I**
**NEGLIGENCE AGAINST UNITED AIRLINES**

Plaintiff re-alleges and re-avers paragraphs 1 through 17 as if fully set forth herein.

18.     Defendant, UNITED AIRLINES, undertook a duty to provide wheelchair assistance to its customers with a mobility impairment, including to the Plaintiff, MONICA MARTIN.

19.     In addition, Defendant, UNITED AIRLINES, had a non-delegable duty to take reasonable measures to ensure that the wheelchair assistance would be conducted in a safe and timely manner.

20.     Defendant, UNITED AIRLINES, had a duty to abide by the standard(s) inherent in the Air Carrier Access Act, 49U.S.C.A. §41705, and with 14 CRF Part 382 – Department of Transportation, to provide assistance to passengers with a disability as they navigate through different portions of the airport, which includes deplaning assistance.

21.     At all times material, Defendant, UNITED AIRLINES, as a common carrier, had a duty to exercise a high standard of care and vigilance for its passengers in all aspects of the

3

operation, maintenance, inspection, loading and was responsible for providing a safe passage during the pre-board process for passengers to board the aircraft, including the Plaintiff, MONICA MARTIN, who required wheelchair assistance.

22.     Defendant, UNITED AIRLINES, as a common carrier, had a duty to warn of dangerous conditions involving the deplaning process with wheelchair assistance and owed the Plaintiff, MONICA MARTIN, the highest degree of care for her safety and welfare.

23.     At all times material hereto, Defendant, UNITED AIRLINES, its agents, servants and/or employees, breached the aforementioned duties owed to the Plaintiff in one or more of the following ways:

   a.   By negligently and carelessly rendering wheelchair assistance to the Plaintiff in the jet bridge during the deplaning process, by and through its employees, servants and/or agents.

   b.   Failed to properly train, instruct and supervise its employees, servants and/or agents to render proper assistance to those passengers with mobility needs that required wheelchair assistance under the circumstances.

   c.   Failed to employ adequate/reasonable measures or precautions to assist passengers in need of assistance, that required wheelchair assistance during the deplaning process in the jet bridge.

   d.   Failed to properly communicate with Defendant, PRIMEFLIGHT AVIATION SERVICES, to provide safe and timely wheelchair assistance to the Plaintiff.

   e.   Defendant, UNITED AIRLINES was otherwise negligent was otherwise negligent in the mode of operations and/or policies and procedures in effect at the time and place of the Plaintiff's incident.

24.     As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing

4

condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff prays for:

a. Judgment for damages in excess of $50,000;

b. Costs of suit;

c. Prejudgment interest where applicable;

d. Trial by jury as to all issues so triable; and

e. Such other relief as this court may deem just and appropriate.

## COUNT II
## NEGLIGENCE AGAINST PRIMEFLIGHT AVIATION SERVICES

Plaintiff re-alleges and re-avers paragraphs 1 through 17 as if fully set forth herein.

25. Defendant PRIMEFLIGHT AVIATION SERVICES had a duty to provide wheelchair assistance to the Plaintiffs' decedent, MONICA MARTIN, as a passenger of SOUTHWEST AIRLINES, who had requested special accommodations.

26. In addition, Defendant, PRIMEFLIGHT AVIATION SERVICES, had a duty to take reasonable measures so that the wheelchair assistance and transportation would be conducted in a safe and timely manner.

27. At all times material, Defendant, PRIMEFLIGHT AVIATION SERVICES, while engaged by Defendant, UNITED AIRLINES, to provide wheelchair assistance to its passengers, had a duty to exercise a high standard of care and vigilance for the airline passengers in all aspects of the wheelchair operation, maintenance, inspection, loading and was responsible for providing a safe passage during the pre-board process for passengers to board the aircraft, including the Plaintiff who required wheelchair assistance.

5

28. Defendant, PRIMEFLIGHT AVIATION SERVICES, while engaged by Defendant, UNITED AIRLINES, to provide wheelchair assistance to its passengers, had a duty to warn of dangerous conditions involving the deplaning process with wheelchair assistance and owed the Plaintiff the highest duty of care for her safety and welfare.

29. At all times material hereto, Defendant, PRIMEFLIGHT AVIATION SERVICES, its employees, servants and/or agents, breached the aforementioned duties owed to the Plaintiff in one or more of the following ways:

   a. By negligently and carelessly failing to timely render wheelchair assistance to the Plaintiff in the jet bridge during the deplaning process.

   b. Failed to properly train, instruct, and supervise its agents, servants and/or employees to render assistance and/or instruction to those passengers with mobility needs that required wheelchair assistance under the circumstances.

   c. Failed to employ adequate/reasonable measures or precautions to assist passengers in need of assistance, that required wheelchair assistance during the deplaning process in the jet bridge.

   d. Failed to properly communicate with Defendant, UNITED AIRLINES, to provide safe and timely wheelchair assistance to the Plaintiff.

   e. Defendant, PRIMEFLIGHT AVIATION SERVICES, was otherwise negligent in the mode of operations and/or policies and procedures in effect at the time and place of the Plaintiff's incident.

30. At all times material hereto Defendant knew, or in the exercise of reasonable care should have known, of such dangerous and defective condition and failed to take the appropriate steps to prevent Plaintiff's injuries.

31. As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing

6

condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff prays for;

a.  Judgment for damages more than $50,000.00;

b.  Cost of suit;

c.  Prejudgment interest where applicable;

d.  Trial by a jury as to all issues so triable; and

e.  Such other relief as this Court may deem just and appropriate.

## COUNT III
## NEGLIGENCE AGAINST BROWARD COUNTY – NONDELEGABLE DUTY

Plaintiff re-alleges and re-avers paragraphs 1 through 17 as if fully set forth herein.

32.  At all times material hereto, Defendant BROWARD COUNTY leased the use of certain passenger terminal building premises, boarding gates and jet bridges in and upon the premises of the Ft. Lauderdale-Hollywood International Airport to the Defendant UNITED AIRLINES including the subject jet bridge used by UNITED AIRLINES for Flight UA693, in Terminal 1 on April 18, 2023.

33.  Defendant BROWARD COUNTY has an operational level nondelegable duty to provide a reasonably safe environment for its business invitees including passengers.

34.  Defendant BROWARD COUNTY is being sued solely for vicarious liability for the negligence of UNITED AIRLINES and PRIMEFLIGHT as alleged in Counts I and II above.

35.  At all times material hereto, the Defendant BROWARD COUNTY had a duty to require that Defendant, UNITED AIRLINES take reasonable measures to ensure that the wheelchair assistance would be conducted in a safe and timely manner.

7

36.    At all times material hereto, the Defendant BROWARD COUNTY had a duty to require that Defendant UNITED AIRLINES abide by the standard(s) inherent in the Air Carrier Access Act, 49U.S.C.A. §41705, and with 14 CRF Part 382 – Department of Transportation, to provide assistance to passengers with a disability as they navigate through different portions of the airport, which includes deplaning assistance.

37.    At all times material hereto, the Defendant BROWARD COUNTY had a duty to require that Defendant UNITED AIRLINES maintain proper levelling of the jet bridges and metal expansion junctions, to prevent potential dangers associated with use of wheelchair assistance in a passenger jet bridge under the circumstances.

38.    At all times material hereto, the Defendant BROWARD COUNTY had a duty to require airlines of the leased passenger terminal premises and boarding gates, including the Defendant UNITED AIRLINES and PRIMEFLIGHT to provide wheelchair assistance to vulnerable passengers in a safe manner.

39.    At all times material hereto, Defendant BROWARD COUNTY negligently breached the aforementioned nondelegable duties owed to the Plaintiff.

40.    The above pleaded negligent provision of wheelchair assistance by UNITED AIRLINES and PRIMEFLIGHT was known to the Defendant BROWARD COUNTY or existed for a sufficient length of time so that BROWARD COUNTY should have known of it.

41.    As a direct and proximate result of the negligence of the Defendant BROWARD COUNTY Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a

8

previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff prays for;

a. Judgment for damages more than $50,000.00;

b. Cost of suit;

c. Prejudgment interest where applicable;

d. Trial by a jury as to all issues so triable; and

e. Such other relief as this Court may deem just and appropriate.

DATED: August 14, 2023.

WINSTON LAW FIRM
Attorneys for Plaintiff
2924 Davie Road, Suite 201
Davie, FL 33314
Tel:    (954) 475-9666
Fax:    (954) 475-2279


By:_____
Bradley Winston
Fla. Bar No. 766208
Email: bwinston@winstonlaw.com
          bfeder@winstonlaw.com
          lwheaton@winstonlaw.com

9

Bradley Winston, Esq.
Board Certified Civil Trial Lawyer
Admitted to FL and MT Bars

Andrew Winston, Esq.
Florida Supreme Court Certified Mediator
Florida Supreme Court Qualified Arbitrator

Beth M. Feder, Esq.
Admitted to FL and NY Bars

Madeleine Q. Mannello, Esq.
Admitted to FL and TN Bars



**WINSTON**
—— L A W ——

2924 Davie Road., Suite 201
Fort Lauderdale, FL 33314

Telephone 954-475-9666
Facsimile 954-475-2279
www.WinstonLaw.com

Practice Limited to
Civil Litigation

**Via Certified Mail RRR:**
**7021 0950 0001 8414 2211**
Mr. Mark E. Gale, CEO/Director of Aviation
Broward County Aviation Department
2200 SW 45th Street, Suite 101
Dania Beach, FL 33312

**Via Certified Mail RRR:**
**7021 0950 0001 8414 2228**
Kimm R. Campbell, Deputy Cty Admin.
Broward County Governmental Center
115 South Andrews Avenue, Room 409
Fort Lauderdale, FL 33301

**Via Certified Mail RRR:**
**7021 0950 0001 8414 2235**
Lamar P. Fisher, Mayor
Broward County Board of Commissioners
115 South Andrews Avenue, Room 437C
Fort Lauderdale, FL 33301

**Via Certified Mail RRR:**
**7021 0950 0001 8414 2297**
Jimmy Patronis, Chief Financial Officer
Florida Department of Financial Services
200 East Gaines Street
Tallahassee, FL 32399

Re:   Our Client:          Monica Martin
      Social Security No.:  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
      Date of Birth:       May 5, 1947
      Place of Birth:      Jamaica West Indies
      Notice of Claim:     Pursuant to Florida Statutes 768.28
      Date of Incident:    April 18, 2023
      Case Style:          Broward County Aviation Department; Broward County
                           Board of County Commissioners

### Notice of Claim Pursuant to Section 768.28(6), Florida Statutes

Dear Mr. Gale, Ms. Campbell, Mayor Fisher and Mr. Patronis:

I represent Monica Martin in an action for damages against Broward County.

On April 18, 2023, at approximately 2:00 p.m. Natasha Martin was injured while waiting for a wheelchair on a jet bridge at FLL. After debarking her flight, she sustained a fall in the jet bridge landing.

This letter is to put you on notice, pursuant to Florida Statute Section 768.28, that Ms. Martin intends to file an action against Fort Lauderdale Hollywood International Airport for damages and injuries sustained as a result of negligence. If you intend to deny such claim, please notify the undersigned in writing as promptly as possible. In the meantime, if there is any information that you would need from my client or from me, I am prepared to cooperate fully in the investigation of this matter and to submit

**EXHIBIT A**

any and all information that you may request about said incident.

This letter is being sent by certified mail, return receipt requested because its important nature and to ensure that it reaches you.

This letter constitutes a claim for compensation to my client for all injuries sustained in the subject incident. There exists no prior adjudicated unpaid claims against the claimant in excess of $200.00 that is owed to the State of Florida or one of its political subdivisions.

**Demand is further made that all evidence relative to this matter be preserved. Be advised that failure to preserve any and all items of evidence relevant to this claim, including but not limited to, property damage, VIDEO, photos, physical evidence, electronic data, etc. will result in a spoliation of evidence claim, or an adverse presumption/adverse inference jury instruction.**

Very truly yours,

Bradley Winston

cc:   Bruce R. Marx, Esq.
      Marlow, Adler, Abrams, Newman & Lewis
      4000 Ponce de Leon Boulevard, No. 570
      Miami, FL 33146
      Sent US Mail & Email to: bmarx@marlowadler.com
      Courtesy Copy



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lamar P. Fisher Mayor
Broward City Board of City Comm
115 S Andrews Ave, Rm 431 C
Ft Lauderdale, FL 33301

9590 9402 7684 2122 7239 83

2. Article Number *(Transfer from service label)*

7021 0950 0001 8414 2235

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
                                   5-22-1

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

M. Martin

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

| | |
|---|---|
| Certified Mail Fee | $ |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $ |
| Total Postage and Fees | $ |

Sent To Lamar Fisher Mayor

Street and Apt. No., or PO Box No. _____

City, State, ZIP+4® _____

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7021 0950 0001 8414 2235

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kimm E. Campbell, Dept Cty Admin
Broward County Gov. Center
115 S Andrews Ave Rm 409
Fort Lauderdale, FL 33301

9590 9402 7684 2122 7239 90

2. Article Number (Transfer from service label)
7021 0950 0001 8414 2228

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                7-11-2

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

| | |
|---|---|
| Certified Mail Fee | $ |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $ |
| Total Postage and Fees | $ |

Sent To: Kimm E. Campbell, Cty Admin
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

7021 0950 0001 8414 2228

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jimmy Patronis, Chief Fin. Offi.
FL Dept. of Financial Services
200 E. Gaines Street
Tallahassee, FL 32399

9590 9402 6891 1104 9878 02

2. Article Number (Transfer from service label)

7021 0950 0001 8414 2297

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Received by FL Dept. of Financial Serv.
Tallahassee, FL 32399

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To Jimmy Patronis
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

7021 0950 0001 8414 2297

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions



# USPS Tracking®

FAQs >

**Remove** ✕

Tracking Number:

# 70210950000184142211

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your package is moving within the USPS network and is on track to be delivered to its final destination. It is currently in transit to the next facility.

---

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

Feedback

Delivered

Out for Delivery

Preparing for Delivery

## Moving Through Network
**In Transit to Next Facility**
June 24, 2023

**Departed USPS Regional Facility**
MIAMI FL DISTRIBUTION CENTER
June 20, 2023, 11:29 pm

**See All Tracking History**

---

## Text & Email Updates

⌄

---

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:

MONICA MARTIN,

    Plaintiff,

vs.

                                        **NOTICE OF DESIGNATION**
                                          **OF EMAIL ADDRESS**

UNITED AIRLINES, PRIMEFLIGHT
AVIATION SERVICES and BROWARD
COUNTY,

    Defendant.

_____/

    Plaintiff, through undersigned counsel, files this Notice of Compliance with Rule 2.516(b)(1)

and Designation of Email Address and designates the following email addresses:

    Primary Email Address:         bwinston@winstonlaw.com
    Secondary Email Addresses:   lwheaton@winstonlaw.com

    All further notices/filings in the above referenced matter on behalf of the Plaintiff must be

served to each of the above referenced email addresses.

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served with the

Summons and Complaint.

                  WINSTON LAW FIRM
                  Attorneys for Plaintiff
                  2924 Davie Road, Suite 201
                  Davie, FL 33314
                  Tel:   (954) 475-9666
                  Fax:  (954) 475-2279

                  By:_____
                     Bradley Winston
                     Fla. Bar No. 766208
                     Primary Email: bwinston@winstonlaw.com

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:

MONICA MARTIN,

    Plaintiff,  :

vs.

UNITED AIRLINES, PRIMEFLIGHT
AVIATION SERVICES and BROWARD
COUNTY,

    Defendant.

_____/

**PLAINTIFF'S NOTICE OF SERVING FIRST
SET OF INTERROGATORIES TO
DEFENDANT UNITED AIRLINES**

Pursuant to Fla. R. Civ. P. 1.340, the Plaintiff, through undersigned counsel, hereby serves

the attached interrogatories to Defendant UNITED AIRLINES to be answered within the time and

manner prescribed by law.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served with the

Summons and Complaint.

WINSTON LAW FIRM
Attorneys for Plaintiff
2924 Davie Road, Suite 201
Davie, FL 33314
Tel:   (954) 475-9666
Fax:  (954) 475-2279

By_____
    Bradley Winston
    Fla. Bar No. 766208
    Email: bwinston@winstonlaw.com
           lwheaton@winstonlaw.com

**·PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT UNITED AIRLINES**

**"JET BRIDGE" AND "PROPERTY" REFERS ONLY TO THE TERMINAL GATE AND
AIRCRAFT PASSENGER ACCESS EQUIPMENT THAT WAS USED TO DEPLANE
FLIGHT UA693, TERMINAL 1, FROM HOUSTON TO FORT LAUDERDALE ON
APRIL 19, 2023**

1.  What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.  Describe all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

3.  Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

4.  Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

5.  State the facts upon which you rely for each affirmative defense in your answer.

6.  Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit; if so, state the name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether you have notified each such person or entity of your contention.

7.  List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

8.  Have you heard, or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit; if so, state the name and address of each person who made the statement or statements, the name and

address of each person who heard it, and the date, time, place, and substance of each statement.

9.   As to each person who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

10.   Do you intend to call any expert witness at the trial of this case, and if so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion?

11.   Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case and, if so, state the terms of the agreement and the parties to it?

12.   Please state if you have been a party within the past 5 years, either plaintiff or defendant, in a lawsuit alleging personal injury or death arising from any incident that occurred during passenger boarding or deplaning other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

13.   State whether this Defendant was the owner or lessee of the property (Jet Bridge) mentioned in Plaintiffs Complaint, and if so, state: the date the ownership or leasehold interest acquired; the name and address from whom acquired; if Defendant has sold the property subsequent to the occurrence in question, please give the date that it was sold and the name and address to whom it was sold; and, if Defendant denies that it was the owner at the time and place of the occurrence in question, please state to the best of Defendant's knowledge, the name and address of the titled owner at the time of said occurrence.

14.   If Defendant was not the owner of said property (Jet Bridge) , state whether the Defendant had any relationship with the owner of said property, including management of said property, securing repairs for said property, or obtaining rents for said property, and state the nature of said relationship.

3

15.   State the name and address of the person or entity that was employed to 1) provide wheelchair assistance to passengers and 2) inspect, clean and/or maintain the area wherein the alleged occurrence took place at or near the time of the incident, and further state whether this person or entity was an employee of Defendant or was a separate person or company hired by Defendant to maintain this area.

16.   State if any repairs were made to the area referred to in Plaintiffs Complaint within one year before said alleged occurrence, and is so, state: the date of said repair; the name and address of the person or entity that made the repair; when the repairs were made; and, state who employed the person or entity that performed said repairs.

17.   State whether Defendant knows of any person or entity that has made any changes within one year after the occurrence in question to the area referred to in Plaintiffs Complaint, and if so, state: the person/entity making said repairs; the dates of said repairs; the purpose of said repairs; and, what said repairs consisted of.

18.   State the names, addresses, and employers of all witnesses to the condition of the premises in the area mentioned in Plaintiffs Complaint within sixty minutes before or after the incident mentioned in Plaintiffs Complaint. State whether they are presently employed by this Defendant, and if so, state their present job title.

4

## AFFIRMATION

Pursuant to Fla. Stat. §92.525, under penalties of perjury I declare that I have read the foregoing interrogatories and the statements made therein are true and correct.

_____

_____ ,

DATE

5

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:

MONICA MARTIN,

     Plaintiff,

vs.

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION TO DEFENDANT UNITED
AIRLINES**

UNITED AIRLINES, PRIMEFLIGHT
AVIATION SERVICES, and BROWARD
COUNTY,

     Defendant.

_____/

     Please send us the things requested below. We offer, where possible, to exchange digital copies by email to save everyone time and money. Please use common sense when determining what the words and requests below mean. *See, e.g., Donahay v. Palm Beach Tours & Transp., Inc.*, 2007 WL 9700778, at *2 (S.D. Fla. June 1, 2007) (discovery requires "good faith," not "hyper-technical word games"). The Defendant is a large, sophisticated corporation represented by a large, sophisticated firm of smart lawyers. This can't be the first time either of you have seen the words used below or the requests below. (I never met so many educated folks who claim not to understand English until I started practicing law.) If you truly don't understand something then call us. If you think the scope of a request is unreasonable then call us to discuss. We prefer to work things out instead of wasting the Court's time with petty discovery disputes (Don't you hate listening to "that lawyer" arguing some ridiculous discovery issue at motion calendar?). The requests ask for information and things related to the events and claims in this case. If you have something that

1

responds to the requests below or you can get it then please do so. We'll give you the same common sense and courtesy in responding to your requests.

Don't object to a request before you've determined that you have something responsive because objecting when no responsive item exists the objection is sanctionable. *Greenleaf v. Amerada Hess Corp.*, 626 So. 2d 263, 264 n.1 (Fla. 4th DCA 1993). Don't preface your response with "general objections" because general objections are sanctionable. *Brown v. Thomas*, No. 2020-CA-004936, slip op. at 1-4 (Fla. 4th Cir. Ct. Apr. 2, 2021). Don't object on the basis that "discovery is ongoing" because that's not a proper objection. *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 (D. Kan. 2004). Don't "reserve objections" because you can't reserve objections. *Jones v. Forrest City Grocery, Inc.*, 2007 WL 841676, at *1 (E.D. Ark. Mar. 16, 2007). Don't respond "subject to and without waiving" some objection because that's also worthless. *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008); *Consumer Elec. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008). It's even sanctionable. *E.g., Heller v. City of Dallas*, 303 F.R.D. 466, 487, 495 (N.D. Tex. 2014). Don't object based on the privacy rights of witnesses or other third parties because you don't have standing to do that. *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 694-95 (S.D. Fla. 2011).

Plaintiff, by through undersigned counsel, and pursuant to Fla. R. Civ. P. 1.350, requests the Defendant UNITED AIRLINES to produce the following documents:

> **Any documents produced in response to these Requests for Production must be sufficiently identified so that one can determine which documents are responsive to which request. It is inadequate to respond with a stack of documents not correlated to each request. The failure to correlate the documents, so that the adequacy of Defendant's response can be determined, will result in the documents being returned to the office of Defense counsel.**
>
> **Fla. R. Civ. P. 1.280(b)(5) states: When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to**

2

protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

1.  All insurance policies in force and effect, which may provide coverage for the Plaintiff's injuries as a result of a fall that occurred on the jet bridge while deplaning at Fort Lauderdale from United Airlines flight UA693 on April 18, 2023.

2.  All photographs and/or videos taken of the jet bridge where the subject incident occurred on the date of loss.

3.  All photographs and/or videos taken inside the airport terminal for the subject flight (UA693) during the pre-board process at Fort Lauderdale-Hollywood Airport.

4.  All photographs of Monica Martin taken on the date of loss.

5.  All photographs relating to the subject incident in any manner.

6.  All writings, documents, printed materials, e-mail, electronic record or other materials documenting the subject incident involving the Plaintiff.

7.  All surveillance tapes and/or photographs of Plaintiff.

8.  All written or recorded statements and/or requests for services by Plaintiff.

9.  All statements of any witnesses whether written or recorded, including any notes purporting to document statements by any witnesses.

10. A copy of Broward County Aviation Department's and United Airlines' policies and procedures in effect at the time of the subject incident pertaining to wheelchair assistance services for passengers of United Airlines.

11. A copy of Broward County Aviation Department's and United Airlines' policies and procedures in effect at the time of the subject incident for documenting an accident or incident for passengers enplaning/deplaning.

12. A complete list of any and all incidents involving wheelchair assistance by Broward County Aviation Department and United Airlines where a passenger sustained injuries for the 5-year period up to and including the date of the subject incident.

13. All records identifying Broward County Aviation Department and United Airlines agents or employees who had interaction with Monica Martin for the subject United Airlines flight 693.

14. All video tapes and/or recordings showing the area where the incident occurred for the one-hour period up to and including the time of the subject incident.

3

15. All video evidence showing that Broward County Aviation Department's and United Airlines' agents and/or employees who were available to provide wheelchair assistance on the date of the subject incident and prior to the incident happening.

16. All records, logs, or other documentary evidence showing that Broward County Aviation Department's and United Airlines' agents and/or employee(s) had provided assistance and/or other services to Monica Martin on the date of the subject incident and prior the incident happening.

17. All policies, procedures or manuals relating to Broward County Aviation Department's and United Airlines' contractual or legal obligation to provide services to United Airlines and to its passengers at Fort Lauderdale-Hollywood International Airport.

18. All contracts / written agreements in place at the time of the subject incident between Broward County Aviation Department and United Airlines and any porter or assistive wheelchair service provider, concerning services for the enplaning and deplaning of passengers at the Fort Lauderdale-Hollywood International Airport.

19. All documents demonstrating that Monica Martin had requested wheelchair assistance from Broward County Aviation Department and United Airlines as a passenger of United Airlines.

20. All documents demonstrating that Monica Martin allegedly declined wheelchair assistance from any person firm or corporation, as a passenger of United Airlines.

21. The manifest of passengers on the subject United flight (number UA693), who were to be provided with wheelchair assistance services by Broward County Aviation Department and United Airlines (Monica Martin will agree to a confidentiality agreement to keep the information contained in the passenger list confidential and to use the information solely for the litigation purposes).

22. Please produce all documents containing any communications between Broward County Aviation Department and United Airlines, any porter or assistive wheelchair service provider and Monica Martin concerning the subject incident.

23. Please produce all documents containing any communications between Broward County Aviation Department and United Airlines and any porter or assistive wheelchair service provider and Monica Martin regarding any alleged decline of wheelchair assistance for Flight UA693.

24. Please produce all documents containing any communications between Broward County Aviation Department and United Airlines and any porter or assistive wheelchair service provider concerning wheelchair assistance for Monica Martin on April 18, 2023.

25. Please produce the Airport Services Master Agreement and Airport Annex in effect on April 18, 2023 between Broward County Aviation Department and United Airlines and any porter or assistive wheelchair service provider .

4

26.   Please produce a copy of any and all statements, in writing, recorded, signed or unsigned, made by any officer, agent or employee of any person firm or corporation, related to Plaintiff's pre-board and/or fall on April 18, 2023.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Defendant with the Complaint and Summons in this action by service of process.

WINSTON LAW FIRM
Attorneys for Plaintiff
2924 Davie Road, Suite 201
Davie, FL 33314
Tel:   (954) 475-9666
Fax:   (954) 475-2279


By:_____
        Beth Feder
        Fla. Bar No. 88265
        Email: bwinston@winstonlaw.com
                lwheaton@winstonlaw.com

5

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:

MONICA MARTIN,

Plaintiff,

vs.

UNITED AIRLINES, PRIMEFLIGHT
AVIATION SERVICES and BROWARD
COUNTY,

Defendant.

_____/

**PLAINTIFF'S NOTICE OF ENTRY UPON
LAND FOR INSPECTION AND OTHER
PURPOSES**

Pursuant to Fla. R. Civ. P. 1.350, Plaintiff, through undersigned counsel, notifies the

Defendant t UNITED AIRLINES hat Plaintiff shall enter upon its premises located at Fort

Lauderdale Airport, for the purpose of inspection, measuring, surveying, photographing, the jet

bridge that was used to deplane Flight UA693, Terminal 1, from Houston to Fort Lauderdale on

April 19, 2023, which is the subject matter of this litigation, together with the purchase and

maintenance records and user manuals and guidelines for said airplane access bridge on October 2,

2023, at 1:00 pm.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via

service of process on Defendant United Airlines.

WINSTON LAW FIRM
Attorneys for Plaintiff
2924 Davie Road, Suite 201
Davie, FL 33314
Telephone: (954) 475-9666
Fax: (954) 475-2279

BY:_____
        Bradley Winston
        Florida Bar No. 766208
        Email: bwinston@winstonlaw.com
                lwheaton@winstonlaw.com